4:15CR 182

# CERTIFICATE OF SERVICE

On June 08, 2015 I mailed to:

Richard B Kuniansky
Kuniansky & Associates
440 Louisiana Ste 200
Houston, TX 77002

Sarah E Wannarka
US Attorney's Office
601 NW Loop 410 Ste 600
San Antonio, TX 78216

The documents identified as:

1. Notice; Dated 05/20/15 (4 pages)
2. Original- Letter from Law Office of Richard Kuniansky; Dated 05/21/15- Refused for Cause, Consent Denied (1 page)
   a. Enclosure – Order; Dated 05/21/15 – Refused for Cause, Consent Denied (1 page)

By mailing them in a United States Postal Service postage paid and affixed to envelope.

Copy of documents mailed via United States Postal Service postage paid and affixed to:

Clerk of the District Court
Southern District of Texas
Houston Division
515 Rusk Avenue Ste 5300
Houston, TX 77002

My Mailing location is:

Michelle G. Jordan, Notary Witness
PO Box 691956
Houston, Texas 77269

I am over the age of 18 and not a party to the transaction regarding the documents I mailed.

Total # of pages: 7

Michelle G. Jordan
Printed Name

[signature]
Signature

# LAW OFFICES OF RICHARD KUNIANSKY

RICHARD KUNIANSKY

Board Certified in Criminal Law by Texas Board of Legal Specialization
Former Assistant United States Attorney

440 Louisiana, Suite 200 ✦ Houston, Texas 77002
(713) 622-8333 ✦ Fax (713) 224-2415

May 21, 2015

LEGAL MAIL – OPEN IN PRESENCE OF INMATE ONLY!
Tyrone Eugene Jordan #65074-279
Joe Corley Detention Center
500 Hilbig Street
Conroe, TX 77301

Dear Tyrone:

Please find enclosed a self-explanatory order resetting the trial schedule in your case.

Sincerely,

Richard Kuniansky (RRB)

Richard Kuniansky

Enclosure
RBK/rrb

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

UNITED STATES OF AMERICA §
§
v. § CRIMINAL ACTION H-15-182
§
TYRONE EUGENE JORDAN *in custody* §

**Order**

Pursuant to the Speedy Trial Act, 18 U.S.C. §3161(h)(7)(A), the Court finds that the ends of justice which will be served by allowing the defendant additional time in which to prepare this case outweigh the best interest of the public and the defendant in a speedy trial. The Court's basis for said finding is that the failure to grant a continuance in this case would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. §3161(h)(7)(B)(iv).

Accordingly, it is ordered that defendant's unopposed motion for continuance (Dkt. 18) is GRANTED and the time between May 21, 2015 and September 14, 2015 is excluded from consideration under the Speedy Trial Act, 18 U.S.C. §3161(h). It is further ORDERED that the scheduling order is amended as follows:

| | |
|---|---|
| July 20, 2015 | ALL MOTIONS will be filed no later than this date. |
| 20 days after motion filed | RESPONSES to motions will be filed no later than this date. |
| August 28, 2015 | PROPOSED voir dire, charge, exhibit and witness list due. |
| September 4, 2015 | OBJECTIONS to exhibits/witnesses due. |
| September 14, 2015 @ 10:00 a.m. | PRETRIAL CONFERENCE before Judge Gray H. Miller, 515 Rusk, Courtroom 9D, Houston, Texas. **DEFENDANT MUST BE PRESENT**. |
| September 14, 2015 @ 1:00 p.m. | JURY SELECTION and TRIAL. |

Signed at Houston, Texas on May 21, 2015.

Gray H. Miller
United States District Judge

Refused for Cause Without Dishonor
Consent Denied
I Challenge Jurisdiction
See Copy of NOTICE Attached
By: Tyrone-Eugene: Jordan, authorized representative for ens legis TYRONE EUGENE JORDAN
Real Party of Interest and Injured
Date 5-30-2015

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA, PLAINTIFF** | § | **CRIMINAL CASE 4:15-CR-0182** |
| | § | |
| **vs.** | § | |
| | § | |
| **In Re: TYRONE EUGENE JORDAN, Tyrone-Eugene: Jordan, DEFENDANT** | § | |
| | § | |

---

**NOTICE**

---

TO ALL PARTIES RECEIVING NOTICE
AND THEIR ATTORNEY OF RECORD

COMES NOW, Tyrone-Eugene: of the family Jordan, a Natural, sentient man, and the authorized representative of ens legis[1] entity TYRONE EUGENE JORDAN, a statutory "Person" with a UNITED STATES (U.S.) issued Social Security number, give Notice by timely objection to U.S. District Court Judge Miller's "Order" (Dkt 19), **striking** "DEFENDANTS MOTION TO DISMISS FOR LACK OF JURISDICTION", as this U.S. District Court (Houston Division) regarding the above styled Criminal Case No. 4:15-cr-0182, that jurisdiction (subject-matter and personal) has been challenged and has not been established or proven on the record by the Plaintiff (UNITED STATES OF AMERICA), who seeks to invoke it, and has been duly served presentment of "DEFENDANTS MOTION TO DISMISS FOR LACK OF JURISDICTION, via U.S. Postal Service, regular mail delivery, postage paid, and filed in the record of this Court on May 02, 2015. (see attached). "Jurisdiction, once challenged, is to be proven, not by the court, but by the party attempting to assert jurisdiction. The burden of proof of jurisdiction lies with the asserter. The court is only to rule on the sufficiency of the proof tendered." McNutt v. GMAC, 298 US 178. On or about May 13, 2015, U.S. District Court judge Miller signed an Order "striking" the Def. motion from the record, noting said Order is based on the fact that Def. (TYRONE EUGENE JORDAN) was appointed an attorney. "However late this objection has been made, or may be made in any cause, in an inferior or appellate court of the United States, **it must be considered and decided, before any court can move one further step in the cause;** as any movement is necessarily the exercise of jurisdiction. Jurisdiction is the power to hear and determine the subject matter in controversy between parties to a suit, to adjudicate or exercise any judicial power over them; the question is, whether on the case before a court, their action is judicial or extra-judicial; with or without the authority of law, to render a judgment or decree upon the rights of the litigant parties." State of Rhode Island v. Com. of Massachusetts, 37 U.S. 657, 718 (1838) (emphasis added), which is consistent with "**Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but, rather, should dismiss the action.**" Melo v. US, 505 F2d 1026. There was no response or motion from the Plaintiff, nor did the Plaintiff have opportunity to, before the Court, on its own initiative by Judge Miller issued an unlawful

[1] ens legis – A creature of the law; an artificial being as opposed to a natural person. The term describes an entity, such as a corporation, that derives its existence entirely from the law. (see Black's Law Dictionary); (see also artificial person)

and unauthorized "sanction" that prejudiced the filing party (Tyrone-Eugene: ) to the cause, and is denied by such act a constitutionally protected right of Due Process. *"Where rights secured by the Constitution are involved, there can be no rule making or legislation, which would abrogate them."* Miranda v. Arizona, 384 US 436 "Courts are constituted by authority and they cannot act beyond the power delegated to them. If they act behond that authority, and certainly in contravention of it, their judgments and orders are regarded as nullities. They are [254 US 348, 354] not voidable, but simply void, and this even prior to reversal." Elliot v. Piersol, 1 Pet. 328, 340; Old Wayne Life Ass'n v. McDonough, 204 US 8, 27 S Ct 236. "Subject matter jurisdiction fails: if a judge **does not follow statutory procedures**, and where the judge **does not act impartially**" Armstrong v. Obucino, 300 Ill 140, 143 (1921), Bracy v. Warden, U.S. Supreme Court No. 96-6133 (June 9, 1997) (emphasis added) "The elementary doctrine that the constitutionality of a legislative act is open to attack only by persons whose rights are affected thereby, applies to statute relating to administrative agencies, the validity of which may not be called into question in the absence of a showing of substantial harm, actual or impending, to a legally protected interest directly resulting from the enforcement of the statute." Board of Trade v. Olson, 262 US 1; 29 ALR 2d 105. The Court by the Order of Judge Miller, is assuming its own jurisdiction (in violation of the constitution and established precedence of the U.S. Supreme Court) after being served Notice "Challenge to Jurisdiction" by Tyrone-Eugene: (an *interested person*) moving by and through ens legis TYRONE EUGENE JORDAN (Defendant) which a sworn affidavit and admissible evidence was attached, to include the cause related unrebutted affidavit (D.E. 300)[2] (see attached). "Not every action by any judge is in exercise of his judicial function. It is not a judicial function for a Judge to commit an intentional tort even though the tort occurs in the Courthouse. When a judge acts as a Trespasser of the law, when a judge does not follow the law, the judge loses subject matter jurisdiction and the Judge's orders are void, of no legal force or effect." Yates v. Village of Hoffman Estates, 209 F. Supp. 757 (ND Ill 1962) (emphasis added). Therefore, the above referenced "Order" is timely being returned with the conspicuous notice that it is being "REFUSED FOR CAUSE, WITHOUT DISHONOR" and that Tyrone-Eugene: (the Natural man) "DO NOT CONSENT". The above styled case should be Dismissed for want of jurisdiction (subject-matter and personal) in the interest of justice.

The Plaintiff in the above styled case has brought its allegation of criminal violation(s) of statutory law[3] 18 USCS §1521 against ens legis entity TYRONE EUGENE JORDAN, via the Petition/Complaint of UNITED STATES Probation Officer Pat Brewster, and has failed to recognize and address the Natural, lawful man, and authorized representative Tyrone-Eugene: who is held under duress, to wit the unrebutted "Affidavit of Obligation Commercial Lien(s)" and Financial Statement was filed in his "Private[4]" capacity. This Court lacks personal jurisdiction over the Natural man, Tyrone-Eugene:, who is not charged to answer the criminal allegations in indictment/case no. 4:15-cr-182, but is the claiming, filing and indorsing party to the "Affidavit of Obligation Commercial Lien(s)", hereafter "Obligation/Lien" and related Contract No. 201403-DOJ-09 with J-K-G-H, addressed in her "private" capacity (see attached). Therefor, jurisdiction must be proven (subject-matter and personal) by the Plaintiff, regarding the Obligation/Lien and Financial Statement filed in the Public records of the State of Texas by the Natural man in his "private" capacity, as the Natural man

[2] D.E. refers to the "Document Entry" of Criminal Case number 2:10-cr-20, styled UNITED STATES v. APAC et al, in the UNITED STATES DISTRICT court for the Southern District of Texas Corpus Christi Division.

[3] Statutory Law – The body of law derived from statutes rather than from Constitutions or judicial decisions. (also legislative law) Black's Law Dict. 8th Ed., pg 1452

[4] Private Person – *see Person (1)*; **person** – 1. A human being. – Also termed *natural person*. Black's Law Dict. 8th Ed., pg 1234, 1178

(Tyrone-Eugene:) is being unlawfully detained and held in jail, being denied bond (held as surety) in this purely statutory law proceeding. Tyrone-Eugene: (a party to the Plaintiff's allegations) have a Right to be heard, which is a Due Process right protected by the Constitution. "*Where a court failed to observe safeguards, it amounts to denial of due process of law, court is deprived of juris.*" Merritt v. Hunter, 170 F 2d 739. Tyrone-Eugene: is competent, and does not consent to the assumed jurisdiction of the U.S. District Court(s), and is held to appear and answer, under duress. It is prime-facie evidence that Tyrone-Eugene: is not a corporation or legal (ens legis) "person", and the alleged filed Obligation/Lien and Financial Statement are not within this U.S. District Court or Plaintiffs jurisdiction. The U.S. District Court appears (by Order striking Def. Motion to Dismiss) to ignore and usurp the presence of the Natural man Tyrone-Eugene:, whom has appeared on the record of these proceedings, and the presentment of "DEFENDANTS MOTION TO DISMISS FOR LACK OF JURISDICTION". It is clear and evident on the face of the presentment and filed evidence that Tyrone-Eugene: of the family Jordan is distinct and separate from ens legis TYRONE EUGENE JORDAN. There is no evidence in the record that attorney Richard Kuniansky (Public Defender) has been appointed by the court to represent Tyrone-Eugene: (in his "private" capacity) but that of ens legis entity TYRONE EUGENE JORDAN (U.S. citizen). On or about April 14, 2015, Tyrone-Eugene: appeared before Magistrate judge Ellington (U.S. District Court, SDTX, Corpus Christi Division) in his "private" capacity, and on the record accepted the privilege and benefit of the appointment of a "Public Defender" for ens legis TYRONE EUGENE JORDAN who was identified in the presented indictment. Tyrone-Eugene: is a Natural man, who is not an employee, officer, or agent of the UNITED STATES, nor does he receive any funds directly or indirectly from the federal government or federal programs, nor does Tyrone-Eugene: have knowledge of a contract with the federal government entered into knowingly, intentionally, and with full disclosure, and does not reside within the jurisdiction of the UNITED STATES. Tyrone-Eugene: is an unrepresented, "private" interested party regarding the above styled Criminal Case. Because the body of Tyrone-Eugene: is being held to answer the allegations of criminal indictment on the behalf of Def. TYRONE EUGENE JORDAN, who is represented by Attorney Richard Kuniansky, the undersigned filing party who is not properly name or identified, as all papers/documents that is the subject of this criminal cause identifies both parties and is endorsed by Tyrone-Eugene: of the family Jordan, proof of jurisdiction is respectfully demanded or this honorable court dismiss the cause for want of jurisdiction.

At all phases of the U.S. officers, agents, and employees bringing this frivolous and malicious prosecution, upon the Petition/Complaint of U.S. Probation Officer Pat Brewster, and there has been no presentment of evidence, testimony, or competent witness that ens legis TYRONE EUGENE JORDAN or Natural man Tyrone-Eugene: has committed any harm or injury, imminent or pending to any officer, agent, employee of the UNITED STATES, nor violated any element of United States Statutory Code §1521.

In the proceeding of Criminal Case No. 4:15-cr-182, officers, agents, and employees have violated the constitutionally protected Due Process rights of the Natural man Tyrone-Eugene:, who is the authorized representative of ens legis entity TYRONE EUGENE JORDAN (holds Texas Drivers License), by striking the parties Motion (Dkt 17), and court appointed Def. attorney Richard Kuniansky, having received Notice of Motion, filed with the court Motion for Continuance. This appears to be a conflict of interest and seeks to assist in advancing the Plaintiff's cause when jurisdiction is challenged and appears that the court lacks jurisdiction. (see attached Defendants Motion for Lack of Jurisdiction Dkt 17)

"*It is clear and well established law that a void order can be challenged in any court.*" Old Wayne Mut. L Assoc v. McDonough, 204 US 8, 27 S. Ct. 236.

This honorable court is reminded that the cause and matter before this court in the above styled Criminal Case is a Civil Case/matter wherein Tyrone-Eugene: Jordan, by and through TYRONE EUGENE JORDAN is the Plaintiff, that arise out of the jurisdiction of the State of Texas and all related matters are currently pending (public and private) and the administrative process has not been exhausted which would give this court U.S. District Court jurisdiction to review as a criminal offense. (see exhibit 2A and Motion Dkt. 17)

WHEREFORE, in the interest of justice, this honorable court should order Plaintiff (and its agency) to prove, on the record, all jurisdictional facts it seeks to invoke, empowering this court to render a lawful Order and judgment, which reaches the merits and adjudicate any controversy that exist between the parties, or dismiss the cause for want of jurisdiction.

Dated this 20th day of May 2015.

"All Rights Reserved Without Prejudice"

Respectfully Sworn and submitted,

By:______________________________

Tyrone-Eugene: of the family Jordan
c/o Joe Corley Detention Facility
500 Hilbig Road
Conroe, Texas 77301

State of ______________ }
} ACKNOWLEDGEMENT
County of ____________ }

Acknowledged before me ______________________________, a Notary Public, by Tyrone-Eugene: Jordan, who upon satisfactory proof, identified himself to me to be the person signing this document.

Witness my hand and Seal,

______________________________

NOTARY PUBLIC

Michelle G. Jordan, Notary Witness
P.O. Box 691956
Houston, Texas 77269

TX 773
09 JUN '15
PM 6 L

USA
FOREVER

U.S. POSTAGE
$.49
77070
Date of sale
06/08/15
06 2S00
08313737
A80350608220322
SSK

FOLD HERE

United States Courts
Southern District of Texas
FILED
JUN 11 2015
David J. Bradley, Clerk of Court

Clerk of the District Court
Southern District of Texas
Houston Division
515 Rusk Ave. Ste 5300
Houston, Tx 77002

7700226239