UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| *Plaintiff* | | |
| | § | Criminal Case No. 4:15-cr-0182 |
| vs. | | |
| | § | |
| In Re: TYRONE EUGENE JORDAN, | | |
| Tyrone-Eugene: Jordan, | § | |
| *Defendant* | | |

United States Courts
Southern District of Texas
FILED

JUL 1 3 2015

David J. Bradley, Clerk of Court

**DEFENDANT'S REQUEST FOR JUDICIAL**
**NOTICE IN SUPPORT OF LACK OF JURISDICTION**

TO ALL PARTIES RECEIVING THIS NOTICE
AND THEIR ATTORNEY OF RECORD

PLEASE TAKE NOTICE that pursuant to Fed. R. Evid. R. 201, Tyrone-Eugene: Jordan, a natural man

and authorized representative of ens legis TYRONE EUGENE JORDAN (Defendant) respectfully request that

this Honorable Court take Judicial Cognizance (Notice) of the following. The Court may judicial notice a fact

that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose

accuracy cannot reasonably be questioned. The Court must take judicial notice if a party request it and the court

is supplied with the necessary information.

**PARTIES TO THE UNDERLYING CAUSE IS PRIVATE/INDIVIDUAL CAPACITY**

1. Tyrone-Eugene: of the family Jordan, is a Natural, living breathing, competent, sentient man, conceived

   by live birth on or about September 26, 1970, and permanently resides in the State of Texas (Republic).

2. TYRONE EUGENE JORDAN, is an ens legis entity with an issued United States Social Security

   Number ending in 2742, a U.S. Citizen (consistent with 18 USC §9: Vessel of the United States defined)

   a. Please Take Judicial Notice that: ens legis means as defined by Black's Law Dictionary 8th Ed.,

      page 572 is – "A creature of the law; an artificial being as opposed to a natural person."

3.  Julie Kay Gowen-Hampton is a female, Natural man, known to be or has been employed by the United States Department of Justice holding a job description of Assistant United States Attorney, and is known to maintain employment within the State of Texas.

4.  Hayden W. Head Jr. is a male, Natural man, known to be or has been employed by the United States, Department of Justice holding a job description of Judge, and is known to maintain employment within the State of Texas.

    a.  Please Take Judicial Notice that: a *natural person* as defined by Black's Law Dictionary 8th Ed., pages 1234 and 1178, is a "Private Person" – (see person (1)); Person – 1. A human being. – Also termed natural man.

5.  The UNITED STATES OF AMERICA is a corporate governmental ens legis entity.

## RIGHTS TO PETITION FOR REDRESS OF GREVIANCE (BILL OF RIGHTS)

6.  Tyrone-Eugene: Jordan by and through ens legis TYRONE EUGENE JORDAN, hereafter "JORDAN" suffered actual injury by Julie Kay Hampton when she was alleged to have presented JORDAN with a fraudulent indictment "redacted" naming JORDAN as a Defendant.

    a.  Please Take Judicial Notice that: "an officer may be held liable in damages to any person injured in consequence of a breach of any of the duties connected with his office…The liability for nonfeasance, misfeasance, and for malfeasance in office is in his 'individual' , not his official capacity" **70 Am Jur. 2nd Sec. 50, VII Civil Liability**

7.  JORDAN was convicted and Tyrone-Eugene: was held in prison on the behalf of JORDAN.

8.  JORDAN petitioned by bringing a Civil Action 2:13-cv-149, styled TYRONE EUGENE JORDAN v. UNITED STATES OF AMERICA alleging constitutional violations by fraud, and was Ordered by the U.S. District Court to answer claims of JORDAN.

9.  UNITED STATES OF AMERICA and Asst. U.S. Attorney Julie Kay Gowen-Hampton was represented by the U.S. Attorney office of Kenneth Magidson.

10. UNITED STATES OF AMERICA filed and answer and failed to render any defense, or denial of claims of fraud allegations, electing to remain silent on the issues.

    a. Please Take Judicial Notice that: "Silence can only be equated with fraud where there is a legal or moral duty to speak, or where an inquiry left unanswered would be intentionally misleading...**United States v. Tweel, 550 F. 2d 297, 299; see also U.S. v. Prudden, 424 F. 2d 1021, 1032**

    b. Please Take Judicial Notice that: "an...officer who acts in violation of the Constitution ceases to represent the government." **Brookfield Co. v. Stuart, 234 F. Supp. 94, 99 (U.S.D.C., Wash. D.C.)**

11. UNITED STATES OF AMERICA and Julie Kay Gowen-Hampton due to their failure to defend, controvert, or contest claims of constitutional violation by means of fraud as alleged in complaint and has thereby acquiesced.

    a. Please Take Judicial Notice that: Acquiescence is – A tacit approval or at least an indication of lack of disapproval. Acceptance, perhaps without approval, as acquiescence in a decision. Stockstrom v. Commissioner, 88 App DC 286, 190 F. 2d 283, 30 ALR 2d 443. Conduct from which may be inferred assent with a consequent estoppels or quasi estoppels. Uccello v. Golden Foods, 325 Mass 319, 90 NE 2d 530, 16 ALR 2d 459. The position of one who knows that he is entitled to impeach a transaction or to enforce a right and who neglects to do so for such a length of time that under the circumstances of the case the other party may fairly infer that he has waived or abandoned his right. Scott v. Jackson, 89 Cal 258, 26 P 898, quoting Rapalji and Lawrence's Law Dictionary.

12. Due to the Respondents, UNITED STATES OF AMERICA and AUSA Julie Kay Gowen-Hampton silent acquiesce to claims of fraud, Petitioner, JORDAN by and through Tyrone-Eugene: filed MOTION

FOR SUMMARY JUDGMENT (D.E[1]. 268), as there remained no genuine issue of material fact in

dispute between the parties, as said Motion remains uncontested by the United States of America

(Defendant/Respondent), and was accepted by Tyrone-Eugene: in unrebutted "AFFIDAVIT IN

SUPPORT OF MOTION FOR SUMMARY JUDGMENT" ¶¶61-64 (D.E. 274)

    a.  Please Take Judicial Notice that: JORDAN filed "MOTION FOR SUMMARY JUDGMENT"

       (D.E. 268) which the record of the court show was not contested by the United States of America

       (Respondent).

    b.  Please Take Judicial Notice that: In filed "MOTION" (D.E. 268), page 2 "In order that Motion

       for Summary Judgment may be granted, it must appear not only that there is no genuine issue as

       to any material fact, but also that from historic facts of case there is no controversy as to

       inferences to be drawn therefrom." *Burwell v. Virginia Acme Markets, Inc., (1973, SD W. Va)*

       *355 F. Supp. 784*

    c.  Please Take Judicial Notice that: in filed "MOTION" (D.E. 268), page 6 "For purposes of

       Summary Judgment, factual controversies are resolved in favor of non-moving party, but only

       when there is actual controversy; that is when both parties have submitted evidence of

       contradictory facts." *Little v. Liquid Air Corp., (1994, CA5 MISS) 37 F. 3d 1069*

    d.  Please Take Judicial Notice that: in filed "MOTION" (D.E. 268), page 10 "In summary

       judgment context, the court should view evidence in light most favorable to the non-moving

       party. Factual controversies should be resolved in favor of the non-movant. If the movant

       satisfies its burden, the non-movant must then come forward with specific evidence to show that

       there is a genuine issue of material fact. Then non-movant may not merely rely on conclusory

       allegations or the pleadings; rather it must demonstrate specific facts identifying a genuine issue

       to be tried in order to avoid summary judgment. **Fed. R. Civ. P. 56(c)(1)** *Piazza's Seafood*, 448

       *F. 3d at 752; Little v. Liquid Air Corp., 37 F. 3d 1069, 1075 (5th Cir. 1994)*

---

[1] D.E. refers to the Docket Entry number of Criminal Case number 2:10-cr-20, styled UNITED STATES OF AMERICA v. APAC et al., in the United States District Court for the Southern District of Texas, Corpus Christi Division.

13. Due to the accepted liability of claims of JORDAN by and through Tyrone-Eugene:, having suffered injury by the fraudulent actions in prosecuting the criminal action against JORDAN, Tyrone-Eugene: presented HAMPTON with a "private" implied contract "EXPRESSED NOTICE WAIVER OF TORT".

    a.  Please Take Judicial Notice that: Private means 1. Relating or belonging to an individual, as opposed to the public or the government. (see Black's Law Dictionary 8th Ed., pg 1233)

14. HAMPTON being petitioned in her individual/private capacity for redress, having been duly presented and served with "implied" contract no 201403-DOJ-09, having opportunity to contest, deny, rebut, and impeach the facts therein stated and attested to, having waived such rights by acquiescence. This is evidenced by (non-interested third party) Notary witness, Certificate of Non-Response, being established under the laws of Texas.

    a.  Please Take Judicial Notice that: an implied contract as defined in Black's Law Dictionary 8th Ed., page 345 can be an "implied-in-fact" contract meaning – "A contract that the parties presumably intended as their tacit understanding, as inferred from their conduct and other circumstances."

15. HAMPTON, has by her performance regarding the Civil Action claims in case number 2:13-cv-149, invoked the principle of ESTOPPEL, having been duly served Notice of claims and opportunity to contest, deny, or controvert, has accepted all claims of liability by acquiescence.

    a.  Please Take Judicial Notice that: according to Black's Law Dictionary 8th Ed., page 25; Acquiescence means: 1. A person's tacit or passive acceptance; implied consent to an act. 2. *Int'l law* – Passivity and inaction on foreign claims that, according to customary international law, usu. call for protest to assert, preserve, or safeguard rights. The result is that binding legal effect is given to silence and inaction. Acquiescence, as a principle of substantive law, is grounded in the concepts of good faith and equity.

b. Please Take Judicial Notice that: on or about April 2014, "Affidavit of Non-Response" was served and a copy filed in the record of the Civil proceedings at (D.E. 276), and remains un rebutted by the "private" party Julie Kay Gowen-Hampton.

16. There is no known or expressed controversy between the private parties (J-K-H and H-W-H), and Tyrone-Eugene: continues to suffer injury by the actions of J-K-H, being represented by "privately" by Sarah Wannarka, Special Attorney to the United States Attorney General.

17. Tyrone-Eugene: Jordan presented to the interested parties in their private/individual capacity, attached to "Affidavit of Obligation", evidence of fraud relating to Criminal Case No. 2:10-cr-20, with a copy of "Order" in Civil Action No. 4:09-cv-03239, whereby alleged evidence, which JORDAN was held to answer was not evidence held and presented to a Grand Jury but was granted to the UNITED STATES by Default judgment (failure of a claiming party).

## DISTRICT COURT HAS NOT ESTABLISHED JURISDICTION OF 4:15-CR-0182

18. Tyrone-Eugene: was arrested upon the complaint of U.S. Probation Officer Pat Brewster, declairing the "Affidavit of Obligation" filed with the Harris County Clerk was false as against J-K-H and H-W-H.

a. Please Take Judicial Notice that: U.S. P.O. Officer Brewster is not a party to Affidavit of Obligation(s) filed, and testified the he did not have direct competent facts regarding context of the Affidavit(s)

b. Please Take Judicial Notice that: No other sworn or attested to complaint has been presented to the Defendant other than that of Pat Brewster, and "Motion to Dismiss for Lack of Evidence" with attached Affidavit was served and filed into the records of the U.S. District Court SDTX (Corpus Christi Division) as (D.E. 300) and remains unrebutted and uncontested and the facts therein are accepted as fact.

19. On April 14, 2015, JORDAN by and through Tyrone-Eugene: (pro per), having appeared in his private capacity was presented with Criminal indictment No. 4:15-cr-182, and there was no attached complaint

or complainant.  Tyrone-Eugene: is left to assume that the sworn complaint of U.S. Probation Officer Pat Brewster is the cause for Grand jury indictment.

20. The "implied" contract no. 201403-DOJ-09 and Affidavit of Obligation is presented to (J-K-H and H-W-H) regarding alleged injuries suffered by Tyrone-Eugene: for a breach of a constitutional obligation or official duties.

    a.   Please refer to Judicial Notice ¶6(a) and ¶10(b)

21. The Plaintiff in Criminal Cause No. 4:15-cr-182 is the United States of America, and no action is shown to be against the United States of America, in these private party proceedings.

22. Tyrone-Eugene: an interested party to the above styled criminal cause, being held under duress and not shown to be an identified party to the indictment.

    a.   Please Take Judicial Notice that: Tyrone-Eugene: of the family Jordan is not an ens legis entity or statutory "person" and attest to be a permanent resident and citizen of the State of Texas.

23. Tyrone-Eugene: timely filed "Motion to Dismiss for Lack of Jurisdiction (Dkt 17), challenging the Courts jurisdiction to hear the above styled criminal cause.

    a.   Please Take Judicial Notice that: Tyrone-Eugene:, the filing party (pro per), Constitutional rights were violated when Judge Gary Miller by Order, stricken the Motion from the record of the proceedings, on grounds of the "Defendant" was appointed "assistance" of counsel.

    b.   Please Take Judicial Notice that: "A trial court cannot sanction a party by prohibiting it from filing pleadings or motions." *Glass v. Glass, 826 S.W. 2d 683, 686-87; Texas Const. art 1§13, also Texas Const. art 1§10*

24. That Tyrone-Eugene: has suffered a severe breach of a constitutional safeguard.

    a.   Please Take Judicial Notice that: "Where a court failed to observe safeguards, it amounts to denial of due process of law, court is deprived of juris." *Merritt v. Hunter, C.A. Kansas, 170 F. 2d 739*

b. Please Take Judicial Notice that: "There is no discretion to ignore that lack of jurisdiction." *Joyce v. United States*, 474 F. 2d 215

c. Please Take Judicial Notice that: "The law provides that once State or Federal jurisdiction has been challenged, it must be proven." *Main v. Thiboutot*, 100 S. Ct. 2502 (1980)

d. Please Take Judicial Notice that: "A court has no jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and a court must have the authority to decide that question in the first instance." *Rescue Army v. Municipal Court of Los Angeles*, 171 P 2d 8; 331 US 549, 91 L. Ed. 1666, 67 S. Ct. 1409

25. The U.S. District Court is a court of limited jurisdiction

a. Please Take Judicial Notice that: "The District Court has no jurisdiction except that which Congress conferred by law." *Cole v. Blankenship*, 30 F. 2d 211; 310 US 630, 84 L. Ed 1400, 60 S.Ct. 978

b. Please Take Judicial Notice that: "Unless statutory basis for jurisdiction exists, persons do not have any right to proceed, or be proceeded against, in first instance in federal rather than state court." *McFadden Express, Inc. v. Adley Corp.*, (1965, DC Conn) 240 F. Supp 790, affd (1965, CA2 Conn) 346 F. 2d 424, cert den (1966) 382 US 1026, 15 L. Ed. 2d 539, 86 S. Ct. 643.

c. Please take Judicial Notice that: "The law requires proof of jurisdiction to appear on the record of the administrative agency and all administrative proceedings." *Hagans v. Lavine*, 415 US 533.

WHEREFORE, Defendant request that this court take judicial notice of the herein facts regarding the relevant issues regarding the subject matter jurisdiction of the above styled cause and the related public and private proceedings.

Dated this 10th day of July 2015.

"All Rights Reserved, Without Prejudice"
Respectfully Submitted,

Tyrone-Eugene: Jordan (pro per)
Real Party at interest and injury
c/o JOE CORLEY DETENTION FACILITY
TYRONE EUGENE JORDAN – 65074279
500 Hilbig Road
Conroe, Texas 77301

Authorized Representative for ens legis
TYRONE EUGENE JORDAN

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISON

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| *Plaintiff* | | |
| | § | Criminal Case No. 4:15-cr-182 |
| vs. | | |
| | § | |
| **In Re: TYRONE EUGENE JORDAN,** | | |
| **Tyrone-Eugene: Jordan,** | § | |
| *Defendant* | | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS
## FOR LACK OF JURISDICTION

After considering Defendant TYRONE EUGENE JORDAN's, by and through Tyrone-Eugene: Jordan (Pro Per) **Motion to Dismiss for Lack of Jurisdiction**, (Dkt. 17) and the response, the Court.


GRANT the motion and the Plaintiffs case is dismissed without prejudice.

SIGNED on _____, 2015


_____
PRESIDING JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| PLAINTIFF | § | CRIMINAL CASE H-15-CR-0182 |
| | § | |
| vs. | § | |
| | § | |
| In Re: TYRONE EUGENE JORDAN, | § | |
| Tyrone-Eugene: Jordan, | § | |
| DEFENDANT | § | |

United States Courts
Southern District of Texas
FILED
JUN 01 2015
David J. Bradley, Clerk of Court

Re-filed
6-10-2015

**DEFENDANTS MOTION TO
DISMISS FOR LACK OF JURISDICTION**

TO ALL PARTIES RECEIVING NOTICE
AND THEIR ATTORNEY OF RECORD

~~NOW COMES~~, Tyrone-Eugene: Jordan, a Natural, sentient man, and authorized representative for ens legis TYRONE EUGENE JORDAN (Defendant), timely files this motion to move this court for an ORDER to dismiss the Plaintiff's above styled Criminal case for lack of jurisdiction. **"The law provides that once State and Federal Jurisdiction has been challenged, it must be proven."** <u>Main v. Thiboutot</u>, 100 S. Ct. 2502 (1980) **"There is no discretion to ignore lack of jurisdiction."** <u>Joyce v. United States</u>, 474 2d 215

### INTRODUCTION

The Plaintiff, UNITED STATES OF AMERICA, criminal action in the above styled case number, stems from a Supervised Release-Law Violation complaint/petition against ens legis TYRONE EUGENE JORDAN, of false claims, filed by U.S. Probation Officer Pat Brewster. On or about March 03, 2015, Brewster filed PETITION FOR WARRANT OR SUMMON in the U.S. District Court (Houston Division), alleging that on or about January 21, 2015 TYRONE EUGENE JORDAN filed documents/papers "AFFIDAVIT OF OBLIGATION COMMERCIAL LIEN" with the Harris County Clerks office, hereafter "Obligation/Lien" wherein J-K-G-H and H-W-H (employee, agents, or officers of the corporate UNITED STATES) were named as Lien Debtors (Respondents), and that said documents were false, thereby resulting in a violation of U.S. statutory code 18 USCS §1521. Brewster, in his petition, further alleged that a monetary obligation of $6,534,500.00 was demanded and owed by J-K-G-H and H-W-H to TYRONE EUGENE JORDAN, as retaliation for their performance of official duties. Tyrone-Eugene:, upon said petition of Brewster was arrested on March 06, 2015, in order to answer said complaint.

On march 12, 2015, probable cause hearing was held before Magistrate judge Nancy Johnson, upon the request of Tyrone-Eugene:, as said Petition was objected to upon presentment which was ignored by the court. During said hearing Brewster took the stand and testified that he was not a party to the filed Obligation/Lien complained of, and that he was indirectly notified of the existence of the Obligation/Lien. "Any qualifying statement about the affiant's personal knowledge renders the affidavit legally invalid." (see e.g. <u>Ryland Group v. Hood</u>, 924, S.W. 2d 120, 122 (Tex 1996);

Humphreys, 888 S.W. 2d 470; Geiselman v. Cramer Fin. Group, 965 S.W. 2d 534, 537 (Tex App-Houston 1997). "The affidavit must contain direct and unequivocal statements that, if false would be grounds for perjury." Hall v. Stephenson, 919 S.W. 2d 454, 466 (Tex App-Fort Worth 1996, writ denied). Brewster further testified that he was not licensed to practice law and make legal determinations. Brewster did not provide any statements or evidence that his complaint/petition was the representation by any party named in the Obligation/Lien. Brewster nor the U.S. attorney present at the hearing submitted into the record of the court any testimony, witness, or evidence that any element of statutory U.S. Code 18 U.S.C. §1521 was violated by the context of filed Obligation/Lien. "Congress limited prohibition in 18 U.S.C. §1521 to financial harassment-filings that harass by claiming rights to property of public official-*not to all types of false public filings* that might harass public agencies or officials in other ways." UNITED STATES v. Reed, (2012, CA8 ND) 668 F. 3d 978. (emphasis added). "District court has no jurisdiction except that which Congress conferred by law." Cole v. Blankenship (1929, CA4 W Va) 30 F. 2d 211; Metropolitan Life Ins. Co. v. United States (1939, CA6 Mich) 107 F. 2d 311, 39-2 USTC ¶ 9771, 23 AFTR 876, cert den 1940 310 US 630, 84 L Ed 1400, 60 S. Ct. 978; Mason v. Hitchcock (1939, CA1 Mass) 108 F. 2d 134; West Pub. Co. v. McColgan (1943, CA9 Cal) 138 F. 2d 320, 149 ALR 1094. Upon the conclusion of Brewster's testimony, the U.S. attorney presented no other evidence into the record, nor called any other witness to testify to the alleged Supervised Release-law violation of false claims. It was thereafter that presiding Magistrate judge ruled that probable cause exist that law violation of statutory U.S. Code 18 U.S.C. 1521 was shown against TYRONE EUGENE JORDAN. In objection to findings, Tyrone-Eugene: asked the court by what evidence do your findings rest? Judge Johnson, replied that she does not have to explain, she just has to find. Magistrate Johnson went on to state that she based her finding on what Brewster testified and what Tyrone-Eugene: has said. It is noted that Tyrone-Eugene: was without counsel and did not testify directly before the court. Magistrate Johnson asked Tyrone-Eugene: "Did you file the Obligation/Lien?" to wit the response was "yes", and Johnson stated "then I find Probable Cause." Tyrone-Eugene: was remanded to custody and Ordered the U.S. Marshall to transfer to U.S. District Court (Corpus Christi Division) for final Revocation hearing on Supervised Release violation. (see exhibit AA)

Due to the lack of evidence and probable cause of hearing, Tyrone-Eugene: filed with the U.S. District Court, Corpus Christi Division, on or about March 31, 2015, "MOTION TO DISMISS PETITION FOR LACK OF EVIDENCE", with an attached sworn affidavit in support. (see exhibit 1A) Tyrone-Eugene:, relying solely on the expressed Federal Rules of Crim. P., regarding Probation and Supervised Release Revocation hearings, that said complaint/petition of law violation by U.S. Probation Officer Brewster was "colorably" dismissed upon the motion filed with said Court. Tyrone-Eugene: on the behalf of TYRONE EUGENE JORDAN, never appeared regarding Supervised Release Revocation hearing and attest that no hearing was held whereby he was present, noting that said Fed. R. Crim. P. specifically state that Court MUST hold such hearing, which authorize specific exceptions being (1) waived by Offender; (2) *If relief sought was in favor of Offender*; and (3) that the U.S. attorney has received notice and given a reasonable time to respond and has not. Tyrone-Eugene: after the expiration of 14 days of the Motion to Dismiss, filed by the District court clerk, U.S. attorney being notified, was marshaled to the U.S. District Courthouse (Corpus Christi Division), and before Magistrate judge Ellington, was presented with a new claim of U.S. violation against ens legis TYRONE EUGENE

JORDAN via Criminal Indictment H-15-cr-0182, which upon review was the same allegations made by U.S. Probation Officer Pat Brewster. Tyrone-Eugene: was Ordered held in custody and transfer to the U.S. District Court (Houston Division). "A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid." Old Wayne Mut. L. Assoc. v. McDonough, 204 U.S. 8, 27 S. Ct. 236 (1907)

## BACKGROUND

The Plaintiff's, criminal indictment alleges that a U.S. statutory Code violation of 18 USC §1521 (Retaliating against a Federal judge or Federal law enforcement officer by false claim or slander of title) was committed by ens legis, statutory "person" TYRONE EUGENE JORDAN when (1) a UCC-1 Financial Statement was filed with the Texas Secretary of State; and (2) the filing of "Obligation/Lien" with the Harris County Clerk which bear the name of U.S. (corporate) employees J-K-G-H and/or H-W-H. The criminal indictment alleges that filed UCC-1 Financial Statement asserts a financial obligation claim of $6,534,500.00, naming J-K-G-H.

The Plaintiff's allegations of Criminal violation in indictment No. H-15-cr-0182, is a frivolous claim brought by U.S. attorney Sarah Wannarka, and deprives Tyrone-Eugene of the family Jordan of his Constitutional guaranteed Due Process rights as it relates to the "private" civil claims regarding a contract in tort. The indictment fails to assert and establish that the filed documents/papers were in the "private" capacity of the named parties and not public or official capacity; fails to assert and establish that filed documents are based on an open and pending civil action wherein Tyrone-Eugene: Jordan by and through TYRONE EUGENE JORDAN is the Plaintiff therein; and that an established and uncontested "private" party contract number 201403-DOJ-09 "EXPRESSED NOTICE WAIVER OF TORT" (see exhibit 1B) "Parties were provided the state required Statutory Notice to include the governmental entity." (see e.g. Cathy v. Booth, 900 S.W. 2d 339, 340 (Tex 1995); to include statutory demand (see e.g. Texas Bus. & Comm. Code 17.505(a)). No party named nor their representing agent/attorney to the filed papers/documents that is the subject of this Criminal indictment have expressed any genuine issue nor does any known controversy exist. Tyrone-Eugene: has no knowledge or been presented with any evidence that the corporate UNITED STATES (or its subsidiaries) is a party to the "private" communications filed, nor any claim made and served thereto.

The alleged Defendant (TYRONE EUGENE JORDAN) is without presentment and notice of any criminal complaint whereby an injured party (corpus delicti) has attested to, under penalty of perjury that TYRONE EUGENE JORDAN is the "person" who has committed an offense against them, to the contrary is alleged by a third parties that are not parties to the "private" communication and proceedings to which the papers/documents filed within the jurisdiction of the state of Texas records refer.

This U.S. District Court lacks jurisdiction (subject matter and personal) to hear the claims and allegations of Criminal Indictment No. H-15-cr-0182, as the filed documents/papers are "private" communications between residents of the state of Texas, and do not invoke the federal jurisdiction under 28 USCS §1331, to extend to civil claims of tort wherein the state can provide a remedy (see Fed. Rule 302 (applying state law to presumptions in civil cases) and Fed. Rule 501 (Privileges in General)). It is noted that the corporate UNITED STATES is not a party to the claims in Obligation/Lien, and the attorney for the UNITED STATES OF AMERICA in its presentment of criminal indictment is

alleging a violation of U.S. Statutory Code 18 USC 1521 against ens legis TYRONE EUGENE JORDAN, who is shown on the face of the presented evidence to be that of parties in their "private" capacity.

The U.S. District Court lacks jurisdiction to hear or even adjudicate this purely civil matter which is currently pending in another U.S. District Court and the related unresolved private proceedings are shown to be uncontested and no genuine issue or controversy exist between the parties for this court to adjudicate. The corporate UNITED STATES is not a party to the proceedings which is the subject of the allegations made herein, and no claim is named relating to it, as the U.S. seek to create an issue regarding its corporate statutes which Tyrone-Eugene: is not subject to and do not consent. "With respect to a civil action or proceeding against a federal employee who has allegedly caused an injury, the Attorney General's certification that the employee was acting within the scope of employment at the time of the incident out of which the claim arose does not conclusively establish as correct the substitution of the United States as defendant in the employee's place pursuant to a provision of the Federal Employees Liability Reform and Tort Compensation Act of 1988 (Westfall Act) (28 USC §2679(d)(1) which states that upon the Attorney General's certification, the civil action or proceeding shall be deemed an action against the U.S. and the U.S. shall be substituted as the party defendant; rather such certification is reviewable in court; Gutierrez de'Martinez v. Lamagno, 515 US 417, 115 S. Ct. 2227, 132 L. Ed 2d 375

## AUGUMENT & AUTHORITY

"Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but, rather, should dismiss the action." Melo v. United States, 505 F. 2d 1026

"Court must prove on the record, all jurisdiction facts related to the jurisdiction asserted." Latana v. Hopper, 102 F. 2d 188

"A court has no jurisdiction to determine its own jurisdiction" Rescue Army v. Municipal Court of Los Angeles, 331 US 549, 91 L. Ed. 1666, 67 S. Ct. 1409

The United States District Courts are courts of limited jurisdiction and their power is limited by precedent decisions. In Anastasoff v. United States, (8th Circuit 2000), "The judicial power of the United States is limited by the doctrine of precedence." In speaking on this subject in relation to the limitations and power of the Plaintiff, united States of America, the supreme Court held "The term District Courts of the Unites States,...without an addition expressing a wider connotation, has it historic significance, It describes the constitutional courts created under Article III of the Constitution. Courts of the Territories are legislative courts, properly speaking and are not District Courts of the United States." Mookini v. United States, 303 US 201, 205, 58 S. Ct 543, 82 L Ed 748 **The District court has no jurisdiction except that which Congress conferred by law.**" Cole v. Blankenship, (1929, CA4 W Va) 30 F. 2d 211; 310 US 630, 84 L Ed 1400, 60 S. Ct. 978 "Additionally, courts are prohibited from their substituting their judgments for that of the agency." American Iron and Steel v. United States, 568 F 2d 284. and; "...judges who become involved in enforcement of mere statues (civil or criminal in nature and otherwise), act as mere "clerks" of the involved agency..." K.C. Davis, Admin. Law, Ch.1 (CTP West's 1965 Ed.) "...their supposed "courts" becoming thus a court of "limited jurisdiction" as a mere extension of the involved agency for mere superior reviewing purposes." K.C. Davis, Admin. Law, p. 95 (CTP, 6

Ed. West's 1977)>FRC v. G.E., 281 US 464; Keller v. P.E.P., 261 US 428. And; A so-called Municipal or District court that is not a constitutional court is a legislative tribunal.

"Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them." Miranda v. Arizona, 384 US 436

The document(s) which is the subject of the above styled criminal case indictment was filed in the jurisdiction of the state of Texas records, that the parties named are residence of the state of Texas, and addressed therein in their "private" capacity. **Unless statutory basis for jurisdiction exists, persons do not have any right to proceed, or be proceeded against, in first instance in federal rather than state court.** McFaddin Express, Inc. v. Adley Corp., (1965, DC Conn) 240 F Supp 790, affd (1965, CA2 Conn) 346 F 2d 424, cert den (1966) 382 US 1026, 15 L Ed 2d 539, 86 S Ct 643.

The claims in filed "Affidavit Obligation Commercial Lien" with the Harris County Clerk, are not within the jurisdiction of the U.S. District Court, invoking a 18 USC §1521 statutory right as there is no evidence of harassment shown on any officer, agent, or employee of the United States in their official capacity, nor any evidence of a claim made to any personal or real property which is the subject of the Congress intent. **"Congress limited prohibition in 18 USCS §1521 to financial harassment-filings that harass by claiming rights to property of public officials-<u>not to all types of false public filings that might harass public agencies or officials in other ways.</u>"** United States v. Reed (2012, CA8 ND) 668 F. 3d 978. "The term "claim" as used in the provisions of the False Claims Act (RS §§3490, 5438 (1878)) providing <u>civil</u> penalties for the making of a false, fictitious, or fraudulent "claim against the Government of the United States". <u>United States v. McNinch</u>, 356 US 595, 78 S. Ct. 950

This United States District Court does not have jurisdiction over this Criminal Case because another U.S. District court has exclusive jurisdiction of the Civil related matters that is the subject of this case and is pending and has not been adjudicated.

This United States District Court does not have jurisdiction over this Criminal Case as the issues are not ripe for review as to a criminal offence. The pending Civil Action No. 2:13-cv-149, wherein Tyrone-Eugene: Jordan by and through TYRONE EUGENE JORDAN is the plaintiff is the basis for all matters to which this court seeks to adjudicate and the injury or statutory wrong will be based on hypothetical facts or on events that have not occurred.

This United States District Court does not have jurisdiction over this Criminal Case as the alleged defendant TYRONE EUGENE JORDAN is a public ens legis entity and was not a party making any claims in the Affidavit of Obligation Commercial Lien nor the UCC-1 Financial Statement filed with the Texas Secretary of State, but was that of "private" party Tyrone-Eugene: of the family Jordan.

This United States District Court does not have jurisdiction as the filing of "Affidavit of Obligation Commercial Lien" with the Harris County Clerk, which relates directly to pending Civil Action No. 2:13-cv-149 and the recording of Financial Statement with the Texas Secretary of State claiming right(s) to established "Expressed Notice Waiver of Tort" contract No. 201403-DOJ-09 by Tyrone-Eugene: of the family Jordan was a continued petition to the U.S. District Court for failing to redress and remedy for unanswered and unresolved Civil action and contract alleging FRAUD. **"Congress has reserved to itself the right to give or withhold relief as to claims founded on the wrongful proceedings of an**

officer of the government, and the court of claims has no jurisdiction in such cases." <u>Morgan v. United States</u>, 14 Wall 531, 20 L. Ed. 738. Venue may be properly held for redress of grievance the District court of the State of Texas having general jurisdiction to provide a remedy.

## CONCLUSION

Because it is clear from the record(s) of the United States District Courts in related Civil Action No. 2:13-cv-149, which relates to Criminal Case No. 2:10-cr-20(3), the unrebutted and uncontested affidavits of these proceedings, exhibits, and evidence (oral and written), the affidavit submitted with this motion that this Court does not have jurisdiction to hear the Plaintiff's Criminal Case No 4:15-cr-182, and the court should dismiss Plaintiff's case.

## PRAYER

Wherefore these reasons, Tyrone-Eugene: on the behalf of ens legis TYRONE EUGENE JORDAN (Defendant) ask this court to set this motion for a hearing and, after hearing, to grant Defendant's motion and dismiss the Plaintiff's Criminal Case for lack of jurisdiction (subject-matter and personal).

Dated this 07 day of May 2015.

"All Rights Reserved Without Prejudice"

Respectfully Sworn and submitted,

By:_____

Tyrone-Eugene Jordan, by and through
TYRONE EUGENE JORDAN (Defendant)

United States Courts
Southern District of Texas
**FILED**

JUN 0 1 2015

David J. Bradley, Clerk of Court

# General Affidavit

The within named person (Affiant), _Tyrone - Eugene : Jordan_, who is a resident of _Harris_ County, State of _Texas_, personally came and appeared before me, the undersigned Notary Public, and makes this his/her statement, testimony and General Affidavit under oath or affirmation, in good faith, and under penalty of perjury, of sincere belief and personal knowledge that the following matters, facts and things set forth are true and correct, to the best of his/her knowledge:

1.) THAT, Affiant, a Natural, sentient man, and authorized representative for ens legis entity TYRONE EUGENE JORDAN, whom is the Defendant in Criminal Case No. H-15-cr-0182, in the U.S. District Court, Southern District of Texas, Houston Division, make this affidavit is support of MOTION TO DISMISS FOR LACK OF JURISDITION, which is similar to the claims of Supervised Release Violation filed by U.S. Probation Officer Pat Brewster on or about March 03, 2015;

2.) THAT, Affiant has not seen or been presented with any sworn or attest complaint relating to Criminal indictment No 4:15cr182 being procured, and seen no evidence that Pat Brewster is not the complaining party to indictment;

3.) THAT, on April 28, 2015, during a scheduled detention hearing before Magistrate Nancy Johnson, U.S. attorney Wannarka when asked what evidence the U.S. wish to present, Wannarka stated it was the same as presented during previous probable cause hearing on March 12, 2015;

4.) THAT, upon reviewing Federal Rules of Criminal Procedure and relying on the U.S. court adherence thereto, have seen no evidence that would deny Supervised Release Violation Petition filed by P.O. Pat Brewster was not dismissed for lack of evidence upon Motion filed by Affiant;

5.) THAT, Affiant has seen no evidence that any controversy or genuine issue exist between the parties regarding filed "AFFIDAVIT OF OBLIGATION COMMERCIAL LIEN" filed in the records of the Harris County Clerk, which is unrebutted and uncontested; (see attached copy "Notice of Fault Opportunity to Cure")

6.) THAT, Affiant has no knowledge of any law that would not support the implied actions of the parties in the course of dealing to establish the creation of an agreement or enforceable contract;

7.) THAT, Affiant has no knowledge or seen any lawful authority conferring subject matter jurisdiction to the U.S. District Courts that extends to civil "private" part tort claims that are established upon a contract or agreement;

8.) THAT, Affiant has seen no evidence the claims in filed "AFFIDAVIT OF OBLIGATION COMMERCIAL LIEN" hereafter "Obligation/Lien" has rebutted or contested by any party named therein, and such evidence has been presented to claimant;

9.) THAT, Affiants claims in Obligation/Lien refer and relate to a civil matter (Civil Case No. 2:13-cv-149) which is still pending, and a "private" Waiver of Tort contract;

10.) THAT, Affiant has seen no evidence that affiant or ens legis TYRONE EUGENE JORDAN has made any claims upon the corporate UNITED STATES in filed Obligation/Lien, and said corporation is an injured party acquiring rights thereto;

11.) THAT, Affiant states that claims made in Obligation/Lien is a continues petition upon the parties for equitable relief and redress of fraud claims relating to Civil Case 2:13-cv-149;

12.) THAT, the Criminal indictment allegations of Case No H:15-cr-182, have omitted and failed to identify the "Expressed Notice Waiver of Tort" contract No. 201403-DOJ-09, for which the Financial Statement filed with the Texas Secretary of State refers to;

13.) THAT, Affiant has seen no evidence that "private" contract No. 201403-DOJ-09, which was established by the private parties on or about April 2014, being a "Waiver of Tort", for which the Obligation/Lien claims relates is within the Subject matter jurisdiction of the United States District Court;

14.) THAT, Affiant states that there is no evidence that contract No. 201403-DOJ-09, which is unrebutted and uncontested, is not prima facie evidence of acceptance and no genuine issue or controversy between the parties;

15.) THAT, Affiant seen no evidence in the record of any public, private, or any criminal complaint that affiant has any cause or intent to retaliate against any officer, agent, or employee of the corporate UNITED STATES;

16.) THAT, Affiant has seen no evidence in any public or private record, nor any criminal complaint that any personal or real property of any agent, officer or employee of the U.S. is subject to claim or lien by affiant or TYRONE EUGENE JORDAN;

17) THAT, Affiant has seen no evidence that the undisputed and uncontested claims of fraud against UNITED STATES OF AMERICA in pending and related Civil Action Case No 2:13-cv-149, wherein Affiant by and through TYRONE EUGENE JORDAN is the Plaintiff, does not give rise to possible claim of tort by the injured or wronged party;

18) THAT, Affiant has seen no evidence that the sworn and attested Obligation/ Lien is false against the named parties as it is shown to be uncontested and undisputed; (see exhibit 1 C)

19) THAT, Affiant has no knowledge of any law or seen evidence that filing an affidavit, asserting a claim of right in a public record is a criminal offense;

20) THAT, Affiant has seen no evidence that any UNITED STATES employee or agent has been harassed, and that such employee or agents personal or real property has been liened or encumbered by affiant or ens legis TYRONE EUGENE JORDAN.

Further Affiant Sayth Naught.

Dated this _27_ day of _May_ , 20_15_.

_____
Signature of Affiant

_____

State of _Texas_

County of _Montgomery_

Subscribed and sworn to, and affirmed, before me on this _7_ day of _May_ , 20_15_
by Affiant _Tyrone Jordan_ .

_____                    (Seal)
Signature of Notary Public

_08/08/2018_
My Commission Expires:

BOBBI JEAN CARTER
Notary Public, State of Texas
My Commission Expires
August 08, 2018

# CERTIFICATE OF SERVICE

On ___March 30___, 20 15  I mailed to:

Richard B Kuniansky          Sarah E Wannarka
Kuniansky & Associates       U.S. Attorney's Office
440 Louisiana Ste 200        601 NW Loop 410 Ste 600
Houston, TX 77002            San Antonio, TX 78216

The documents identified as:

1. Motion to Suppress Evidence (2 pages)
2. Notice of Fault Opportunity to Cure (12 pages)
3. Defendant's Request for Judicial Notice in Support of Lack of Jurisdiction (10 pages)
4. Order on Defendant's Motion to Dismiss For Lack of Jurisdiction (1 Page)
5. Motion to Dismiss Indictment-Unconstitutional Statutes-Multiplicious Counts- Improper Forum (2 pages)
6. Order on Motion to Dismiss Indictment-Unconstitutional Statues-Multiplicious Counts-Improper Forum (1 Page)
7. Refiling: DE 24 – Notice; DE 24-1 – Affidavit of Tyrone-Eugene: Jordan (8 pages)
8. Refiling: DE 25 - Defendants Motion to Dismiss For Lack of Jurisdiction; DE 25-1 – Affidavit of Tyrone-Eugene: Jordan (10 pages)
9. Motion to Dismiss Indictment – Lack of Jurisdiction and Other Grounds; Exhibit AA – Notice of Appearance (5 pages)
10. Order on Motion to Dismiss Indictment – Lack of Jurisdiction and Other Grounds (1 page)
11. Certificate of Service (1 page)

By mailing them in a pre-paid envelope bearing United States Postal Service postage paid and affixed to envelope, for _____Tyrone-Eugene: Jordan_____.

Copy of documents hand delivered to:
Clerk of the District Court
Southern District of Texas
Houston Division
515 Rusk Ave Ste. 5300
Houston, TX 7002

I am over the age of 18 and not a party to the transaction regarding the documents I mailed.

Total # of pages: 53

_____          _____
Printed Name                     Signature